

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza. 5th Floor*
*Central Islip, New York 11722*

April 17, 2026

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: <u>*Jose M. Barbecho-Zhizhin v. Blanche, et al.*</u>, No. 26-cv-00582 (Brown, J.)

Dear Judge Brown:

This Office represents Respondents Todd Blanche, Acting Attorney General of the United States;[1] Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement ("ICE"); and Brian Flanagan, Acting Deputy Field Officer Director for ICE in New York City area (collectively, "Respondents" or the "Government") in the above referenced habeas matter. Respondents respectfully submit this letter in response to the petition for a writ of habeas corpus (the "Petition") (Docket Entry ("DE") No. 1) filed by Petitioner Jose M. Barbecho-Zhizhin ("Petitioner") on February 2, 2026. The primary legal issues presented by this action concern whether Petitioner's detention by ICE is governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226, and whether his detention comports with Fifth Amendment Due Process.

Statement of Relevant Facts

As discussed in the attached Declaration of Joseph Gianni ("Gianni Declaration"), Petitioner is a national of Ecuador, who initially was encountered by U.S. Customs and Border Patrol ("CBP") in May 2005. At the time, Petitioner voluntarily departed the United States. Sometime later, Petitioner re-entered the United States without inspection, admission, or parole on an unknown date and at an unknown place.

As discussed in the Gianni Declaration, on February 2, 2026, a team of agents from ICE encountered Petitioner in the vicinity of Westbury, New York. The team approached Petitioner and asked if he was willing to speak to them, and Petitioner agreed to do so. During their conversation, Petitioner stated that he was a national and citizen of Ecuador. ICE database and record checks revealed that Petitioner had not been lawfully admitted into the United States.

---

[1] Under Fed. R. Civ. P. 25(d), the successor of a party who is a public official is automatically substituted as the party to the suit. Therefore, Todd Blanche has been substituted for Pamela Bondi and Markwayne Mullin has been substituted for Kristi Noem.

Petitioner was detained pursuant to an I-200 warrant of arrest. During processing, Petitioner was issued a Form I-862, Notice to Appear ("NTA"), and referred to immigration court.

Procedural History

The Petition was filed on February 2, 2026. DE No. 1. On February 4, 2026 the Court held an emergency bail hearing to consider "whether petitioner should be released on bail consistent with the principles set forth in this Court's order in *Clarke v. U.S. Dept of Homeland Security*, 25-cv-6773(GRB) (December 18, 2025)." DE, Emergency Order dated February 13, 2026. At the conclusion of the bail hearing the Court, *inter alia*, ordered that Petitioner be released on his own recognizance. *See* DE Nos. 4 and 5 and DE dated February 4, 2026. Petitioner was released from detention immediately after the hearing. *See* DE dated February 4, 2026; Gianni Decl. ¶ 13.

This response to the Petition is submitted in accordance with the Court's instructions at the hearing on February 4, 2026 and the Minute Entry dated February 4, 2026, which directed the Respondents to file any response within 4 weeks, and the Court's Orders dated March 3, 2026 and April 2, 2026, which granted the Respondents' motions for an extension of time to file this response.

Argument

With respect to the issue of whether Petitioner's detention was effectuated pursuant to 8 U.S.C. § 1225(b)(2)(A) or § 1226(a), Respondents are aware of this Court's decisions in similar matters, as well as those of other judges in this district that the Court has cited approvingly. *See*, *e.g., Sanchez Alfaro v. Almodovar et al.*, No. 26-cv-00766, 2026 WL 734348 (March 16, 2026) (Brown, J.); *Garcia-Lanza v. Noem*, 26-cv-29, 2026 WL 585130 (March 3, 2026) (Brown, J.); *Gopie v. Lyons, et. al.*, 25-cv-5229, 2025 WL 3167130 (E.D.N.Y. November 13, 2025) (Bulsara, J.); and *Rodriguez-Acurio v. Noem, et.al.*, 25-cv-6065, 2025 WL 3314420 (E.D.N.Y. November 28, 2025) (Choudhury, J.). While Your Honor's decisions in *Sanchez Alfaro* and *Garcia Lanza* found that the issue of whether Respondents' detention authority derives from § 1225 or § 1226 was not dispositive, Your Honor did note that the Government provided a lengthy discussion of the § 1225/§ 1226 issue (*see Garcia Lanza*, 2026 WL 585130, at *6 and n.8), and therefore Respondents refrain from doing so again here. However, by way of an update to the Government's discussion of the § 1225/§ 1226 issue in the *Garcia Lanza* briefing, the Government notes that at the end of last month, the Court of Appeals for the Eighth Circuit joined the Court of Appeals for the Fifth Circuit in holding that aliens who are applicants for admission under 8 U.S.C. § 1225(a) are subject to mandatory detention under § 1225(b), and are not eligible for a bond. *See Avila v. Bondi, et al.*, 25-3248 (8th Cir. March 25, 2026). Thus, the only two Courts of Appeals to have squarely considered the § 1225/§ 1226 issue have adopted the Government's construction of § 1225. Additionally, the Government notes that oral argument in the appeal in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.) was held on April 6, 2026.

While Respondents respectfully continue to take the position set forth in *Garcia Lanza* – that an alien who has never been lawfully admitted to the country is subject to mandatory detention

(*see generally Garcia Lanza* DE Nos. 11 and 14) -- Respondents acknowledge that, in view of the assessment of the § 1225/§ 1226 issue by most judges in this district who have considered it, and to whom Your Honor has cited approvingly, Respondents are unlikely to prevail in this action. Further, since the Court in *Sanchez Alfaro* and *Garcia-Lanza* questioned the timing of the issuance of an arrest warrant and the NTA occurring after apprehension as an additional ground for granting the writ (*see, e.g., Garcia-Lanza*, 2026 WL 585130, at \*5), Respondents acknowledge that they likely cannot prevail for that additional reason.

***

To conserve judicial resources and to expedite the Court's consideration of this case, the Government respectfully adopts its previous arguments in *Garcia-Lanza*, and submits that the Court can decide this matter without further briefing or additional hearings. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:  /s/ *Marika M. Lyons*
Marika M. Lyons
Assistant United States Attorney
(631) 715-7822
Marika.lyons@usdoj.gov

cc: By ECF
Carolyn Corrado
*Counsel for Petitioner*